**GREENBERG TRAURIG, LLP**
Ann Marie Aston (209642016)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
annmarie.aston@gtlaw.com
Phone: 215-988-7800

Todd H. Girshon (034411993)
Jason Burns (pending *Pro Hac Vice*)
One Vanderbilt Ave
New York, NY 10017
Todd.Girshon@gtlaw.com
Phone: 212-801-9311
jason.burns@gtlaw.com
Phone: 212-801-9294

*Attorneys for Defendant Amazon.com Services LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIJAHWON MCMILLIAN,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Civil Action No.: ______________________<br><br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), by and through its attorneys, Greenberg Traurig, LLP, hereby removes the above-captioned action from the Superior Court of the State of New Jersey, Law Division, Middlesex County, Docket No.: MID-L-3246-25, to the United States District Court for the District of New Jersey. In support of this Notice of Removal,

Defendant states as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

a. Upon information and belief, Plaintiff Elijawon McMillian ("Plaintiff") resides in the State of New Jersey. Plaintiff is represented by Swartz Swidler LLC, 9 Tanner Street, Suite 101, Haddonfield, NJ 08033.

b. Defendant Amazon.com Services LLC's only member is Amazon.com Sales, Inc., and has its principal place of business at 410 Terry Avenue N, Seattle, Washington, 98109. Amazon.com Services LLC is represented by Greenberg Traurig, LLP, 1717 Arch Street, Suite 400, Philadelphia, PA 19103.

2. Plaintiff commenced this action on May 29, 2025, by filing a Complaint and Jury Demand (the "Complaint"), Summons, and Case Information Statement in the Superior Court of New Jersey, Law Division, Middlesex County, captioned as *Elijawon McMillian v. Amazon.com Services LLC*, Docket No. MID-L-3246-25. A true and correct copy of the Complaint, Summons, and Case Information Statement is attached as **Exhibit A**.

3. In the Complaint, Plaintiff alleges Amazon failed to pay overtime to him and other similarly situated individuals "due to Defendant's policy and/or practice of not paying employees for all hours worked in violation of" New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL"), and the common law of New Jersey ("Common Law"). *See* Compl., **Ex. A** at ¶ 1.

4. Plaintiff brings this case as a putative class action, seeking to represent two classes of individuals who worked at various New Jersey Amazon facilities between May 11, 2016 and

the present. *See* Compl., **Ex. A** at ¶¶ 8, 18.

5. Plaintiff could have originally filed this action against Defendant in this Court pursuant to 28 U.S.C. § 1332.

6. To date, Amazon has not been served.[1]

7. No previous notice of removal has been filed or made with this Court. Defendant is filing this Notice of Removal pursuant to the Class Action Fairness Act ("CAFA"). Because removal is not apparent from the face of the Complaint, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b), 1453. *See, e.g.*, *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 594–95 (D.N.J. 2016).

8. No proceedings have been held in the Superior Court of New Jersey, Middlesex County, since Plaintiff filed the Complaint. A Complaint, Summons, and Case Information Statement (**Exhibit A**) and Track Assignment Notice (**Exhibit B**)—copies of which are attached hereto—constitute the entirety of the process, pleadings, and orders that Defendant has received in this case to date. *See* 28 U.S.C. § 1447(b).

**GROUNDS FOR REMOVAL**

9. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[1] The parties had a telephonic discussion on or about July 11, 2025, where Amazon offered to accept service in exchange for 60 days to respond to the Complaint. Following that call, Plaintiff did not serve Amazon by email. Still, on August 29, 2025, Amazon's counsel sent Plaintiff's counsel a stipulation setting Amazon's deadline to respond to the Complaint as September 9, 2025, but, as of this filing, Plaintiff's counsel has not responded. In any event, because removal is not apparent from the face of the Complaint, this Notice of Removal is nevertheless timely.

10. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

11. As Plaintiff brings this action as a putative class action (*see* Compl. ¶¶ 6–25), removal based on CAFA diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

12. Amazon denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[2] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

<u>The Putative Class Has More Than 100 Members</u>

13. Plaintiff asserts claims on behalf of two putative classes as follows:

a. <u>NJWHL Class:</u> "all individuals presently or formerly employed as hourly employees by Defendant at a fulfillment center in New Jersey, excluding facilities ACY4, DEW8, TEB9, LGA9, EWR6, and TTN2, who [worked], during at least one workweek within the period from May 11, 2016 through the present" and who worked more than 40 hours in a week in at least one workweek (hereinafter the "NJWHL Class"). Compl., **Ex. A** at ¶ 8.

b. <u>NJWPL Class:</u> "all individuals presently or formerly employed as hourly

[2] Amazon does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Amazon does not concede that any of Plaintiff's allegations constitute a cause of action against Amazon under applicable New Jersey law, including under the applicable statute of limitations.

employees by Defendant at its HNE1 facility who [worked and did not receive wages for all hours worked], during at least one workweek within the period from six (6) years prior to the filing of the instant Complaint through the present," (hereinafter the "NJWPL Class"). Compl., **Ex. A** at ¶ 18.

14. Plaintiff alleges that the NJWHL Class has more than 40 employees. *See* Compl., **Ex. A** at ¶ 9.

15. Plaintiff alleges that the NJWPL Class has more than 40 employees. *See* Compl., **Ex. A** at ¶ 19.

16. Based on Plaintiff's definition, the NJWHL Class contains in excess of 16,000 non-exempt, hourly paid employees who worked for Amazon at a fulfillment center in New Jersey, excluding facilities ACY4, DEW8, TEB9, LGA9, EWR6, and TTN2, who worked between May 11, 2016 through the present. Declaration of Peter Nickerson ("Nickerson Decl.") ¶ 4.

17. Based on Plaintiff's definition, the NJWPL Class contains in excess of 1,000 non-exempt, hourly paid employees who worked for Amazon at its HNE1 fulfillment center in New Jersey, within the period from six (6) years prior to the filing of the instant Complaint through the present. Nickerson Decl. ¶ 5.

<u>The Jurisdictional Amount in Controversy Requirement Is Met</u>

18. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

19. Amazon's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 89 (2014). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted). This is consistent with the Third Circuit's historically applying a "liberal" standard in determining whether the amount in controversy is satisfied for purposes of diversity jurisdiction. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 (3d Cir. 2003).

20. Amazon denies Plaintiff's factual allegations and denies that he or the class that he seeks to represent are entitled to the relief for which he has prayed. Amazon properly complied with the New Jersey laws at issue at all relevant times. Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

21. In the Complaint, Plaintiff alleges that Amazon required him, along with the "Class Plaintiffs . . . to wait to undergo and undergo . . . security screening after clocking out and before they could leave Defendant's premises." Compl. ¶ 33.

22. According to Plaintiff, Amazon required "Plaintiffs 1) walk from the point of entrance to Defendant's premises to the location where Defendant required Plaintiffs to clock in and 2) walk from the location where Defendant required Plaintiffs to clock out to the point of exit

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Amazon's references to specific damage amounts is provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims is without merit and that Amazon is not liable to Plaintiff or any putative class member. Amazon expressly denies that Plaintiff or any putative class member is entitled to recover any of the amounts or penalties sought in the Complaint. In addition, Amazon denies that liability or damages can be established either as to Plaintiff or on a classwide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

from Defendant's premises." Compl. ¶ 34.

23. Plaintiff further alleges that Amazon "did/does not compensate Plaintiffs for the time it took Plaintiffs" "to undergo . . . the security screenings and walked to and from the locations where Defendant required them to clock into and out of its timekeeping system off the clock." Compl. ¶ 36.

24. Plaintiff also asserts that Amazon "required Plaintiffs to take a 30-minute unpaid meal break each workday," but "[d]ue to the mandatory security screenings, . . . Plaintiffs were unable to leave Defendant's premises and engage in their own pursuits during meal breaks." Compl. ¶¶ 38, 41.

25. Plaintiff asserts that he and the putative class members he seeks to represent are entitled to (1) unpaid overtime compensation under the NJWHL (Count I); (2) damages for failing to pay all hours worked in accordance with the NJWPL (Count II); and (3) damages for Amazon's alleged unjust enrichment (Count III). Compl. ¶¶ 52, 58, 66. Plaintiff does not quantify how much time he and the putative class members allegedly spent in security screening before or after each shift.

26. Plaintiff also seeks "to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law." Compl. at "Wherefore" clause, Section E.

27. Plaintiff does not allege how much he earned as an Amazon employee. Upon information and belief, Plaintiff earned at least $13.35 as an Amazon employee.[4] The putative class period dates back to May 11, 2016. Compl., **Ex. A** at ¶ 8. Based on Plaintiff's class definitions, the putative class is in excess of 16,000 individuals. *See* ¶ 16, *supra*.

---

[4] Plaintiff's wages increased over time beginning from the time of his hire through separation. For purposes of this analysis, Amazon uses the lowest and most conservative hourly rate Plaintiff earned during his tenure.

28. Plaintiff alleges that he worked as a warehouse worker at Amazon from in and around October 2021 to in or around March 2022—totaling approximately 25 weeks.[5] Plaintiff does not allege how many hours or days he worked per week, but alleges that he and other class members "sometimes worked more than 40 hours in a workweek." Compl. ¶ 29. For purposes of this Notice of Removal, Amazon assumes that Plaintiff worked on average at least 4 days per workweek.

29. Accordingly, assuming (based on Plaintiff's allegations) that each putative class member worked on average 25 weeks during the class period, and further assuming that putative class members worked more than 40 hours in only 8 of their workweeks, Plaintiff's causes of action place at least $5,126,400 in controversy: in excess of 16,000 putative class members x $13.35 per hour x 150% overtime premium x 0.5 hours meal break per work day x 4 days per week x 8 weeks = $5,126,400.

30. In addition to unpaid overtime, Plaintiff alleges the putative class members are owed (1) unpaid "straight time" wages in any workweek where putative class members did not work more than 40 hours; (2) liquidated damages of 200% for any alleged unpaid wages; and (3) attorneys' fees, which are available under the NJWPL and NJWHL. N.J.S.A. §§ 34:11-4.10 and 34:11-56(a)(25) (both permitting liquidated damages and attorney's fees). The amount in controversy calculated in Paragraph 29, *supra*, is exclusive of these additional damages Plaintiff seeks.

<u>Diversity of Citizenship Exists</u>

31. At a minimum, one member of the putative class is a citizen of a different state than Amazon, and thus, there is minimal diversity of citizenship for purposes of removal under CAFA.

[5] The Notice of Removal refers to the dates of Plaintiff's employment alleged in the Complaint. Amazon, however, does not concede Plaintiff's dates of employment.

32. For diversity purposes, a person is a "citizen" of the state in which he is domiciled, and residence is sufficient to establish a presumption of domicile. *See Caputo v. Astrue*, No. 08-5405, 2010 WL 1076522, at *6 (D. N.J. March 23, 2010). Upon information and belief, Plaintiff resides in, and is thus a citizen of, the State of New Jersey. *See* ¶ 1(a), *supra*.

33. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

34. Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC. Amazon.com Sales, Inc. is incorporated in Delaware and has its principal place of business in Washington.

35. Amazon.com Services LLC is a citizen of Delaware and Washington because it is a limited liability company whose sole member, Amazon.com Sales, Inc., is incorporated in Delaware and has its principal place of business in Washington. *See Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420; *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business…. [A] limited liability company is a citizen of all the states of its members.").

36. Accordingly, the minimal diversity needed for CAFA removal is present.

## **ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

37. As established above, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely.

38. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the

United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Middlesex County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl., **Ex. A**.

39. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Middlesex County, where the suit has been pending.

40. WHEREFORE, pursuant to 28 U.S.C. §§ 1441(a), and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Middlesex County, proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated: September 9, 2025

Respectfully submitted,
**GREENBERG TRAURIG, LLP**

*/s/ Ann Marie Aston*

Ann Marie Aston (209642016)
Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, PA 19103
annmarie.aston@gtlaw.com
Phone: 215-988-7800

Todd H. Girshon (034411993)
Jason Burns (pending *Pro Hac Vice*)
One Vanderbilt Ave
New York, NY 10017
Todd.Girshon@gtlaw.com
Phone: 212-801-9311
jason.burns@gtlaw.com
Phone: 212-801-9294
*Attorneys for Defendant Amazon.com Services LLC*

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action, which is being removed.

Dated: September 9, 2025

*/s/ Ann Marie Aston*
Ann Marie Aston

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing Notice of Removal has been served on the party listed below via ECF and First Class Mail:

**SWARTZ SWIDLER LLC**
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
Joshua S. Boyette, Esq.
SWARTZ SWIDLER, LLC
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
856-685-7420
*Attorneys for Plaintiff*

Dated: September 9, 2025

*/s/ Ann Marie Aston*
Ann Marie Aston